# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs March 12, 2002

## STATE OF TENNESSEE v. RANDY G. McDANIEL

**Direct Appeal from the Circuit Court for Henry County**
**No. 13086     Julian P. Guinn, Judge**

---

**No. W2001-01501-CCA-R3-CD  - Filed April 2, 2002**

---

The defendant entered pleas of guilty to two counts of manufacturing a Schedule II controlled substance and was sentenced to concurrent three-year sentences. The trial court further ordered that the defendant have split confinement, with supervised probation after serving one year in the Tennessee Department of Correction. The defendant appeals this sentence, arguing that he should be eligible for parole after service of 30% of the sentence, that his sentence should be served at the county workhouse, and that he should receive sentence credits. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

Steven L. West, McKenzie, Tennessee, for the appellant, Randy G. McDaniel.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; G. Robert Radford, District Attorney General; and Steven L. Garrett, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant was sentenced to two concurrent three-year sentences for violation of Tennessee Code Annotated section 39-17-417(a)(1)(C)(2), manufacturing a Schedule II controlled substance. According to the judgments, he was sentenced as a "Standard 30%" offender and was to be placed on "Supervised Probation after 1 year confinement."

### I. Place of Confinement

As to the place of his confinement, the defendant argues that, pursuant to Tennessee Code Annotated section 40-35-104(b)(1), his sentence should be served at the county workhouse rather

than in the Tennessee Department of Correction because "[t]he Henry County Jail has contracted with the department to house such felons."

Tennessee Code Annotated section 40-35-104(b)(1) provides as follows:

> A defendant who is convicted of a felony after November 1, 1989, and who is sentenced to a total sentence of at least one (1) year, but not more than three (3) years, shall not be sentenced to serve such sentence in the department of correction, if the legislative body for the county from which the defendant is being sentenced has either contracted with the department, or has passed a resolution which expresses an intent to contract for the purpose of housing convicted felons with such sentences. If the sentencing court concludes that incarceration is the appropriate sentencing alternative, such defendant must be sentenced to the local jail or workhouse and not to the department.

Tenn. Code Ann. § 40-35-104(b)(1) (1997).

We agree with the State that the record on appeal contains evidence neither of a contract between Henry County and the Tennessee Department of Correction, nor a resolution of its appropriate legislative body that convicted felons be housed in the Henry County Jail. Accordingly, there is no basis for our concluding that the defendant's sentence should not be served in the Tennessee Department of Correction, as ordered by the trial court.

## II. Parole Eligibility/Sentence Credits

Next, the defendant argues that, pursuant to Tennessee Code Annotated section 40-35-501(c), he is eligible for parole after serving 10.8 months of his sentence but that the judgments, providing for probation "after 1 year confinement," do not so allow. The judgments require that the defendant serve "1 year confinement," but do not order that he not receive sentence credits during this year. We note that this court has previously determined that a "day for day" confinement cannot deny a defendant sentence credits. State v. Clark, ___S.W.3d___ (Tenn. Crim. App.), perm. to appeal denied (Tenn. 2001); State v. James Hall Schlegel, No. W2000-02597-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 77, at *20 n.1 (Tenn. Crim. App. Jan. 28, 2002). Accordingly, the defendant is entitled to receive sentence credits as he serves his sentence in the Tennessee Department of Correction.

## CONCLUSION

Based upon the foregoing authorities and reasoning, the judgment of the trial court is affirmed.

_____

ALAN E. GLENN, JUDGE